UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ronald R.,[1] Plaintiff, vs. Frank Bisignano, Commissioner of Social Security, Defendant. | C/A No. 8:26-cv-00258-SAL-WSB **REPORT AND RECOMMENDATION** |

This matter is before the Court for a final Order pursuant to Local Civil Rule 73.02(B)(1) (D.S.C.) and 28 U.S.C. § 636(c). Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)) ("the Act"), to obtain judicial review of the Commissioner of Social Security's ("the Commissioner") final decision denying his claim for disability insurance benefits ("DIB") under Title II of the Act.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on April 11, 2023, asserting disability beginning April 15, 2022. R. 56. Plaintiff's application was denied initially and on reconsideration by the Social Security Administration. R. 56, 67. At Plaintiff's request, an administrative law hearing was held on October 21, 2025. R. 35-55. Plaintiff, represented by counsel, and a vocational expert ("VE") testified via telephone before an administrative law judge ("ALJ"). *Id.* On November 10, 2025, the ALJ found that Plaintiff was not under a disability as defined in the Act. R. 17-29. The ALJ's

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants only by their first names and last initials due to significant privacy concerns in social security cases.

findings became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. R. 1-5. On January 26, 2026, Plaintiff filed this action for judicial review. ECF No. 1.

In making the determination that Plaintiff is not entitled to benefits, the ALJ found as follows:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2027. R. 19.
>
> 2. The claimant has not engaged in substantial gainful activity since April 15, 2022, the alleged onset date (20 CFR 404.1571 *et seq.*). R. 19.
>
> 3. The claimant has the following severe impairments: lumbar spine degenerative disc disease with facet arthrosis, a depressive disorder, an anxiety disorder, a post-traumatic stress disorder, and bilateral knee degenerative joint disease with chondromalacia and patellofemoral syndrome (20 CFR 404.1520(c)). R. 19.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). R. 20.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant can walk for only 4 hours in an eight-hour workday. The claimant can never climb ladders, ropes or scaffolds but can occasionally perform all other postural. The claimant must avoid concentrated exposure to workplace hazards such as elevated surfaces over eight feet and dangerous moving machinery. The claimant is limited to simple tasks that can be performed within 2-hour intervals throughout an 8-hour workday and has low production quotas. The claimant is limited to only occasional interactions with the general public. The claimant can work in proximity to coworkers but only occasionally in coordination. R. 23.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565). R. 27.

7. The claimant was born on July 8, 1971 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563). R. 28.

8. The claimant has at least a high school education (20 CFR 404.1564). R. 28.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). R. 28.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a). R. 28.

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 15, 2022, through the date of this decision (20 CFR 404.1520(g)). R. 29.

**APPLICABLE LAW**

The Commissioner's findings of fact are conclusive if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C. § 405(g); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation and internal quotation marks omitted). Moreover, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)," not on the reviewing court. *Id.* (citation and internal

quotation marks omitted); *see Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *Slaughter v. Barnhart*, 124 F. App'x 156, 157 (4th Cir. 2005) (citation omitted).

However, the reviewing court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Rhonda J.H. v. Comm'r of Soc. Sec. Admin.,* C/A No. 8:22-cv-02899-JDA, 2024 WL 243471, at *1 (D.S.C. Jan. 23, 2024) (citations omitted). When "the ALJ's decision is not supported by substantial evidence, [the reviewing court] may affirm, modify, or reverse the ALJ's ruling 'with or without remanding the cause for a rehearing.'" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting 42 U.S.C. § 405(g)). Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974) (citations omitted).

In cases where remand is deemed necessary, the court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g). *See Shalala v. Schafer*, 509 U.S. 292, 296 (1993). "[T]o remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence

or that the Commissioner incorrectly applied the law relevant to the disability claim." *O'Quinn v. Saul*, C/A No. 2:19-cv-00067-DCN-MBG, 2019 WL 5387910, at *2 (D.S.C. Oct. 22, 2019) (citation and internal quotation marks omitted). Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four is usually the proper course to allow the Commissioner to explain the basis for the decision or for additional investigation. *See Radford*, 734 F.3d at 295 ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling."). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See Smith*, 782 F.2d at 1182; *Nichols v. Comm'r of Soc. Sec. Admin.*, C/A No. 8:20-cv-01660-CMC-JDA, 2021 WL 3621993, at *3 (D.S.C. July 26, 2021). After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction. *Rhonda J.H.,* 2024 WL 243471, at *2 (citation omitted).

In contrast, sentence six provides as follows:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ….

42 U.S.C. § 405(g). A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is "relevant to the determination of disability at the time the application was first filed"; (2) the evidence is "material to the extent that the [Commissioner's] decision might reasonably have been different had the new evidence been before her"; (3) there is "good cause for the claimant's failure to submit the evidence when the claim was before the [Commissioner]"; and (4) the claimant made "at least a general showing of the nature of the new evidence" to the reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955

(4th Cir. 1985), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Hum. Servs.*, 925 F.2d 769, 774 (4th Cir. 1991) (citations and internal quotation marks omitted).[2] With remand under sentence six, the parties must return to the court after remand to file modified findings of fact. *O'Quinn*, 2019 WL 5387910, at *2 (citation omitted). The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. *Id.; see Allen v. Chater*, C/A No. 95-2344, 1995 WL 579275, at *1 (4th Cir. 1995) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

**The Five-Step Evaluation**

"Disability" is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months[.]

42 U.S.C. § 423(d)(1)(A). To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R.

[2] Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts within the United States Court of Appeals for the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence. *See, e.g.*, *Miller v. Barnhart*, 64 F. App'x 858, 859-60 (4th Cir. 2003); *Rapheal M.S. v. Comm'r of Soc. Sec. Admin.*, C/A No. 8:22-cv-04301-DCN-JDA, 2024 WL 1528507, at *3 (D.S.C. Jan. 25, 2024). Further, the Supreme Court of the United States of America has not suggested *Borders*' construction of § 405(g) is incorrect. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990). Accordingly, the Court will apply the *Borders* inquiry.

Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment. 20 C.F.R. § 404.1520(a)(4). Through the fourth step, the burden of production and proof is on the claimant. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience. *Id.* If at any step of the evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a)(4).

**Substantial Gainful Activity**

"Substantial gainful activity" must be both substantial - involves doing significant physical or mental activities - and gainful - done for pay or profit, whether or not a profit is realized. 20 C.F.R. § 404.1572(a), (b). If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity. *Id.* §§ 404.1574-404.1575.

**Severe Impairment**

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. *See* 20 C.F.R. § 404.1520. When determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments. 42 U.S.C. § 423(d)(2)(B); *see Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989) (stating that, when evaluating the effect of a number of impairments on a disability claimant, "the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them"). "As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Walker*, 889 F.2d at 50. If the ALJ finds

a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B).

**Meets or Equals an Impairment Listed in the Listings of Impairments**

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. § 404.1509, the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d).

**Past Relevant Work**

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant." *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995). At this step of the evaluation, the ALJ compares the claimant's residual functional capacity ("RFC") with the physical and mental demands of his past relevant work. 20 C.F.R. § 404.1560(b).

A claimant's RFC is the most that he can still do despite his limitations, and it is the ALJ's responsibility to make the RFC assessment by considering all relevant medical and other evidence in the record. 20 C.F.R. §§ 404.1545(a), (c). Social Security Ruling ("SSR") 96-8p provides in pertinent part:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraph (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 416.945. Only after that may [the] RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

1996 WL 374184, at *1. The SSR further provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical

> facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

*Id.* at *7. Further, "[t]he RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." *Id.* Moreover, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.*

**Other Work**

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. *Grant*, 699 F.2d at 191. To meet this burden, the Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the "Grids"). *Meyer v. Berryhill*, C/A No. 8:16-cv-03310-JMC-JDA, 2018 WL 3133422, at *5 (D.S.C. Jan. 4, 2018). The Commissioner *may* exclusively rely on the Grids when a claimant does not have a nonexertional impairment.[3] 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *see also Gory v. Schweiker*, 712 F.2d 929, 930–31 (4th Cir. 1983) (stating that "[w]hen a claimant suffers from

[3] An exertional limitation is one that affects the claimant's ability to meet the strength demands of jobs. 20 C.F.R. § 404.1569a(a). A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands. *Id.* Examples of nonexertional limitations include, but are not limited to, difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; and difficulty seeing or hearing. *Id.* § 404.1569a(c)(1).

both exertional and nonexertional limitations, the [Grids] are not conclusive but may only serve as guidelines."); *Groth v. Comm'r of Soc. Sec. Admin.*, C/A No. 0:16-cv-01581-JMC, 2018 WL 4140666, at *2 (D.S.C. Aug. 30, 2018).

**Medical Opinions**

For claims filed on or after March 27, 2017, such as Plaintiff's herein, a regulatory framework for considering and articulating the value of medical opinions is provided by 20 C.F.R. § 404.1520c. The regulations define the term "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." *Id.* § 404.1513(a)(2). The ALJ should consider and articulate in the decision how persuasive each medical opinion is based upon the factors of: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict a medical opinion. *Id.* § 404.1520c(b), (c). Supportability and consistency are the most important of the factors for consideration, and the ALJ is required to explain how he considered the supportability and consistency factors in evaluating opinion evidence. *Id.* § 404.1520c(a), (b)(2). An ALJ may, but is not required to, explain how the remaining factors were considered. *Id.* § 404.1520c(b)(2). In evaluating the supportability of an opinion, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) … the more persuasive the medical opinions … will be." *Id.* § 404.1520c(c)(1). In evaluating the consistency of an opinion, "[t]he more consistent a medical opinion(s) … is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) … will be." *Id.* § 404.1520c(c)(2). When a medical source provides multiple medical opinions, the ALJ "will articulate how [he] considered the medical opinions … from that medical source together in

a single analysis ….” *Id.* § 404.1520c(b)(1). ALJs “are not required to articulate how [they] considered each medical opinion … from one medical source individually.” *Id.*

**Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant’s medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 404.1517.

**Pain and Reports of Individual Symptoms**

Congress has determined that a claimant will not be considered disabled unless he or she furnishes medical and other evidence (*e.g.*, medical signs and laboratory findings) showing the existence of a medical impairment that could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). SSR 16-3p provides, “[i]n considering the intensity, persistence, and limiting effects of an individual’s symptoms, we examine the entire case record, including the objective medical evidence; an individual’s statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual’s case record.” 2017 WL 5180304, at *4; *see also* 20 C.F.R. § 404.1529(c)(1)–(c)(2) (outlining evaluation of pain).

In evaluating claims of disabling pain, the ALJ must proceed in a two-part analysis. *Morgan v. Barnhart,* 142 F. App’x 716, 723 (4th Cir. 2005); *see also* SSR 16-3p, 2017 WL 5180304, at *3-4. First, “the ALJ must determine whether the claimant has produced medical evidence of a medically determinable impairment which could reasonably be expected to produce” the alleged symptoms. *Morgan*, 142 F. App’x at 723 (citation and internal quotation marks omitted); *see* SSR 16-3p, 2017 WL 5180304, at *3. Second, the ALJ must evaluate “the intensity and persistence of

an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities … or to function independently." SSR 16-3p, 2017 WL 5180304, at *4.

## THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred by rejecting medical opinions without providing a sufficient explanation and failing to consider Plaintiff's obstructive sleep apnea ("OSA") when formulating the RFC. ECF No. 10 at 12-20. The Commissioner, however, argues that the ALJ's decision is supported by substantial evidence and free from legal error. ECF No. 12 at 3-9.

## APPLICATION AND ANALYSIS

### The ALJ's Consideration of Opinion Evidence

At the administrative hearing, the ALJ presented a hypothetical to the VE in which the individual "would be limited to a light [RFC]" and could only perform simple tasks "within two-hour intervals throughout an eight-hour workday." R. 50. The VE testified that this individual could perform the jobs of router, which has 22,160 jobs available in the national economy; mail clerk, which has 12,562 jobs available in the national economy; and routing clerk, which has 122,295 jobs available in the national economy. R. 51. In the decision, the ALJ relied on the VE's testimony in concluding there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, thus, found Plaintiff was not disabled. R. 29.

#### *Dr. Julie Keen's Opinion*

The ALJ found that Plaintiff was limited to simple tasks that can be performed within two-hour intervals during an eight-hour workday, only occasional interactions with the general public, and only occasional work in proximity to coworkers. R. 23. In making this determination, the ALJ discussed Dr. Keen's report as follows:

> Dr. Keen noted that [Plaintiff] was mildly restless and presented as anxious with variable insight, but the mental status examination results were otherwise largely within normal limits. Dr. Keen opined on [Plaintiff's] psychological capabilities and limitations at that time, indicating that [Plaintiff] has no more than moderate limitations in a broad range of psychological-vocational dimensions, such as attending to simple repetitive tasks, except that [Plaintiff] is markedly limited in interacting with the public and in tolerating stress/pressures 'associated with day-to-day work activity[.]' That opinion was poorly supported by the contemporaneous mental status examination results that were largely within normal limits and is not very consistent with the medical evidence of record in general, especially the opinions of Drs. Steadham and Blythe Farish-Ferrer, Ph.D., discussed below. Accordingly, the opinion of Dr. Keen is not persuasive.

R. 24. The ALJ then stated she accounted for the "combined effects" of Plaintiff's "psychological problems" by stipulating to the psychological limitations and "materially contributing to the environmental limitations in the [RFC]." R. 24-25.

The ALJ also discussed the findings of the state agency psychologists, Dr. Jennifer Steadham and Dr. Blythe Farish-Ferrer, as follows:

> [Plaintiff] is only mildly limited in understanding, remembering, or applying information and in adapting or managing oneself and only moderately limited in interacting with others and in concentrating, persisting, or maintaining pace. [These opinions are] consistent with the medical evidence of record in general, especially the mental status examination results reported by … Dr. Keen[.] … Accordingly, [these opinions are] persuasive.

R. 26, 27. Both state agency psychologists also opined on Plaintiff's psychological RFC, but the ALJ found their statements "too vague to be more than minimally consistent with the medical evidence of record in general, especially the mental status examination results reported by Dr. Keen[.]" R. 26, 27. Accordingly, the ALJ found both state agency psychologists' opinions concerning Plaintiff's RFC unpersuasive. R. 26, 27.

First, Plaintiff argues that the ALJ failed to reconcile findings in Dr. Keen's report that both support and reject a finding of disability for Plaintiff. ECF No. 10 at 17-18. Plaintiff relies on *Hill v. Berryhill*, C/A No. 0:15-cv-05091-JMC, 2017 WL 2703971 (D.S.C. June 23, 2017), in arguing that the ALJ "cherrypicked" the record. ECF No. 10 at 18. In *Hill*, the claimant alleged that the ALJ erred in the RFC analysis by providing only "one-sided" descriptions of the treatment notes and failing to "explain how the treatment notes in the record and Plaintiff's reports of his daily activities related to his subjective statements of pain and other symptoms." *Id.* at *4-5. The district court discussed *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017), noting that the Fourth Circuit highlighted two important principles of an ALJ's RFC assessment under the two-step analysis. *Hill*, 2017 WL 2703971 at *6. First, "'[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.'" *Id.* (quoting *Lewis*, 858 F.3d at 869). Second, "when assessing a claimant's subjective claims of pain or other symptoms, if an ALJ relies on the results of objective medical examinations reported in a treatment note to find that the claimant's claims are inconsistent with those results, the ALJ must explain *how* those results are inconsistent with the claims." *Hill*, 2017 WL 2703971, at *6 (emphasis in original). Consequently, the district court recommitted the case to the magistrate judge to evaluate the claimant's arguments in light of *Lewis*. *Id.* at *7.

Like the circumstances in *Hill*, the same medical records in this case containing the "normal" findings relied upon by the ALJ also provided that Plaintiff's memory function appeared variable in terms of recall, his "thought content reflected negatively skewed content[,]" and he "may have regular, significant limitations in daily functioning." R. 618-19. Dr. Keen's notes also indicate that Plaintiff showed slower than expected simple and complex mental control and ability

to exercise inhibition and moderately slowed spontaneous verbal production. R. 618. Dr. Keen concluded that Plaintiff's overall mental status screening suggested moderate impairment as Plaintiff's emotional symptoms "seem to be altering his perception of time and slowing his cognitive processing speed." R. 618-19. The ALJ neither addressed this evidence nor reconciled it with her decision. *See Lewis*, 858 F.3d at 869; *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) ("The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence."); *Brockman v. Kijakazi*, C/A No. 9:22-cv-00274-DCC-MHC, 2023 WL 1933274, at *6 (D.S.C. Jan. 26, 2023) (finding the ALJ erred by ignoring medical evidence and failing to reconcile it with its decision, which constitutes "impermissible cherry-picking"), *R&R adopted sub nom. Brockman v. Comm'r of Soc. Sec. Admin.*, C/A No. 9:22-cv-00274-DCC, 2023 WL 1930157 (D.S.C. Feb. 10, 2023).

Plaintiff also argues that the ALJ erred in relying on Dr. Keen's report when addressing the state agency psychologists' reports. ECF No. 10 at 18-19. As Plaintiff points out, the ALJ expressly referenced Dr. Keen's report in concluding the state agency psychologists' opinions concerning Plaintiff's limitations were persuasive. However, the ALJ also referenced Dr. Keen's report when finding the state agency psychologists' opinions concerning Plaintiff's psychological RFC unpersuasive. Without further explanation, it is unclear how the ALJ reconciled these opinions. *See Rosa M. v. Kijakazi*, C/A No. 922-cv-04494-BHH-MHC, 2023 WL 9101308, at *7 (D.S.C. Dec. 8, 2023) ("[W]ithout any explanation, the undersigned is left to guess at why the ALJ used another medical opinion he found not persuasive as a reason to find [another doctor's] opinions unpersuasive."), *R&R adopted by* C/A No. 9:22-4494-BHH, 2024 WL 53001 (D.S.C. Jan. 3, 2024); *Smith v. Saul*, C/A No. 620-cv-00221-JMC-KFM, 2021 WL 11523090, at *7 (D.S.C. Jan.

29, 2021) ("Although the ALJ retains the authority to weigh medical opinions, it is legally insufficient for the ALJ's decision to recite some facts, ignore others, and make conclusory statements in evaluating the persuasiveness of opinion evidence."), *R&R adopted sub nom. Smith v. Kijakazi*, C/A No. 6:20-cv-00221-JMC, 2021 WL 3783109 (D.S.C. Aug. 26, 2021).

In sum, the ALJ's failure to reconcile the findings in Dr. Keen's report and explain references to the report when assessing the state agency psychologists' opinions frustrates meaningful review such that the Court cannot determine whether substantial evidence supports the ALJ's decision. Therefore, the undersigned recommends this case be remanded.

***Dr. Jessica Allen's Opinion***

In Plaintiff's RFC determination, the ALJ discussed Dr. Allen's report which concluded that Plaintiff is "totally disabled and unemployable by virtue of impairments." R. 26. The ALJ, however, noted that this opinion is unpersuasive because it addresses a matter reserved to the determination of the Commissioner. *Id.* The ALJ further concluded as follows:

> Dr. Allen also opined, outside of the scope of the psychiatric specialty, that [Plaintiff's OSA] was severe, and that opinion was not well supported by an analytical explanation of its basis in the medical evidence of record as it then stood. More importantly, however, it is not very consistent with the medical evidence of record in general, which does not establish that [OSA], considered in any combination of impairments, has imposed more than a minimal limitation on [Plaintiff's] ability to perform work tasks for more than 12 months, has been medically determined to be expected to impose more than a minimal limitation on [Plaintiff's] ability to perform work tasks for more than 12 months, or has been medically determined to be expected to result in [Plaintiff's] death. Accordingly, the opinion is not persuasive.

*Id.*

Plaintiff argues the ALJ failed to build an accurate and logical bridge from the evidence to the conclusion regarding Dr. Allen's opinion. ECF No. 10 at 20. In determining the RFC, the ALJ

should consider all the relevant evidence and account for the claimant's medically determinable impairments. *Id.* "[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). In formulating an RFC, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [its] decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is, however, required to "consider the relevant medical evidence and other evidence of the claimant's condition in the record, including testimony from the claimant[.]" *Morgan*, 142 F. App'x at 720 (citing 20 C.F.R. § 404.1529(c)(3)). In doing so, the ALJ must provide a narrative discussion describing how the evidence in the record supports each conclusion, citing specific medical facts and non-medical evidence to "build an accurate and logical bridge from the evidence to [its] conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).

Contrary to the ALJ's conclusion that Dr. Allen did not provide the basis for her opinion, Dr. Allen explicitly stated that in forming her medical opinion, she reviewed, among other things, Plaintiff's veteran military service and civilian medical records; documents from the Veterans' Affairs Medical Center detailing diagnostic impressions and results from physical exams; radiological study reports; laboratory studies; Plaintiff's statements; his friends' statements; and a medical literature overview. R. 307. *See Teague v. Comm'r of Soc. Sec.*, C/A No. 5:22-CV-00067-FDW, 2023 WL 3690100, at *5 (W.D.N.C. May 26, 2023) (finding the ALJ's conclusion regarding the basis for the treating physician's medical opinion was erroneous and, as such, could not suffice as a reason for discounting the medical opinion).

Moreover, the ALJ asserted that Dr. Allen's finding that Plaintiff suffered from severe OSA was inconsistent with the general medical record but failed to discuss or reference any specific medical records to support this conclusion. Without further explanation, the Court can only

speculate as to which medical evidence was inconsistent with Dr. Allen's findings. *See Jackson v. Comm'r of Soc. Sec. Admin.*, C/A No. 5:23-cv-01157-RBH, 2023 WL 8541011, at *5 (D.S.C. Dec. 11, 2023) ("[T]he ALJ's failure to reference any specific medical records to support his conclusion that [the nurse practitioner's] opinion was unpersuasive and inconsistent frustrates any meaningful review. This Court is left to guess which of the … medical records the ALJ found inconsistent with [the nurse practitioner's] opinion."); *Seamon v. Berryhill*, C/A No. 3:16-cv-00812-MOC, 2017 WL 3595490, at *5 (W.D.N.C. Aug. 21, 2017) ("Without analysis and explanation by the ALJ as to the medical records and conflicting evidence contained within the abovementioned exhibits, the court is left to guess in such a way that it cannot meaningfully review the ALJ's findings."); *Teague*, 2023 WL 3690100, at *5 ("Due to the ALJ's failure to cite specific inconsistencies, there is not substantial evidence to support the conclusion that [a physician's] medical opinion is inconsistent with the record; remand is therefore appropriate."). Because the ALJ failed to "build an accurate and logical bridge" from the evidence to her conclusion, remand is appropriate. *See Monroe*, 826 F.3d at 189-90 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (reversing and remanding because the ALJ failed to "build an accurate and logical bridge from the evidence to [its] conclusion")). Therefore, the undersigned recommends this case be remanded.

**Remaining Allegations of Error**

In light of the Court's recommendation to remand this matter for further consideration, the Court need not specifically address Plaintiff's remaining allegations of error, as the ALJ will be able to reconsider and re-evaluate the evidence as part of the reconsideration of this claim. *Hancock v. Barnhart*, 206 F. Supp.2d 757, 763–64 n.3 (W.D. Va. 2002) (on remand, the ALJ's prior decision has no preclusive effect as it is vacated and the new hearing is conducted *de novo*); *see*

*Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). As such, on remand, the ALJ is to also take into consideration Plaintiff's remaining allegations of error.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Commissioner's decision be **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g), and that the case be **REMANDED** to the Commissioner for further administrative action consistent with this Report and Recommendation.

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

October 23, 2026
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the following page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).